IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE DOSTY, | No. CIV S-07-1361-FCD-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| M.C. KRAMER, et al., | |
| Respondents. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondents' motion to dismiss (Doc. 19) the petition as untimely.  Petitioner has not filed an opposition.

**I.  BACKGROUND**

Petitioner was convicted of robbery and assault with a firearm.  On July 29, 1998, he was sentenced to a determinate prison term of 19 years and 8 months.  Petitioner did not file a timely notice of appeal of the conviction and sentence and, on April 19, 1999, the California Court of Appeal closed its file.

/ / /

Petitioner then filed eight state habeas petitions as follows:

| | | |
|---|---|---|
| First Petition | California Court of Appeal<br>Filed January 28, 2000<br>Denied February 3, 2000 | |
| Second Petition | Sacramento County Superior Court<br>Filed July 14, 2003<br>Denied August 13, 2003 | |
| Third Petition | Sacramento County Superior Court<br>Filed June 23, 2006<br>Denied August 7, 2006 | |
| Fourth Petition | California Court of Appeal<br>Filed September 8, 2006<br>Denied September 14, 2006 | |
| Fifth Petition | California Supreme Court<br>Filed November 9, 2006<br>Denied May 9, 2007 | |
| Sixth Petition | Sacramento County Superior Court<br>Filed April 27, 2007<br>Denied May 17, 2007 | |
| Seventh Petition | Sacramento County Superior Court<br>Filed June 13, 2007<br>Denied August 1, 2007 | |
| Eighth Petition | California Court of Appeal<br>Filed October 19, 2007<br>Denied October 25, 2007 | |

The instant federal petition was filed on July 11, 2007.

## II. DISCUSSION

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court

judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the U.S. Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day.  If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, ___ U.S. ___ (Nov. 5, 2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed).  A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, ___ U.S. ___ (2007) (holding that federal habeas petition not tolled for time during which certiorari

1  petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between
2  state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold,
3  536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as
4  untimely, the federal court must independently determine whether there was undue delay.  See id.
5  at 226-27.

6        There is no tolling for the interval of time between post-conviction applications
7  where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183
8  F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no
9  tolling for the period between different sets of post-conviction applications.  See Biggs v.
10 Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct
11 review and the filing of a state post-conviction application does not toll the limitations period.
12 See Nino, 1983 F.3d at 1006-07.

13       In this case, petitioner did not file a timely notice of appeal.  Therefore, his
14 conviction became final 60 days after completion of proceedings in the trial court, or on
15 September 28, 1998.[1]  Absent tolling, petitioner's federal petition was due on September 28,
16 1999.  Petitioner attempted to file a late notice of appeal in the Sacramento County Superior
17 Court on April 9, 1999.  After being informed by the superior court that the appeal was not
18 operative because it was late, the Court of Appeal's file was closed on April 19, 1999.  Thus, by
19 the time petitioner even attempted to file a direct appeal, slightly more than six months of the
20 one-year limitations period had expired.  Petitioner's next state court action – the first habeas
21 petition – was filed on January 28, 2000.  Assuming that the limitations period was tolled during
22 the time his late appeal was pending in the Court of Appeal, another nine months elapsed
23 between the time the Court of Appeal closed its file and his first state habeas action was filed.
24 Therefore, by the time his first state post-conviction action was filed, the entire one-year

---

[1]  The 60th day was on Sunday, September 27th.  Therefore, under California law, finality occurred the following court day.

limitations period had expired and, for this reason, petitioner is not entitled to any statutory tolling for any of the eight habeas petitions.  This federal petition is well over seven years late.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Respondents' motion to dismiss (Doc. 19) be granted; and

2. The Clerk of the Court be directed to enter judgment of dismissal and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 26, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE